FILED
In Open Court
USDC, Mass.
Date 9/22/16
By J. Gaudet
Deputy Clerk



**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 9, 2016

William Fick, Esq.
Federal Defender Office
51 Sleeper Street, Suite 5
Boston, MA 02210

    Re:    <u>U.S. v. David Wright and Nicholas Rovinski</u>
           Criminal Action No. 15-10153-WGY

Dear Attorney Fick:

    The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Nicholas Rovinski ("Defendant"), agree as follows with respect to the above-referenced case:

    1.    <u>Change of Plea</u>

    At the earliest practicable date, but in no event later than September 30, 2016, Defendant shall plead guilty to all counts in which he is named in the above-referenced Superseding Indictment: conspiracy to provide material support to the Islamic State of Iraq and the Levant ("ISIL"), a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1) (Count One); and conspiracy to commit acts of terrorism transcending national boundaries, in violation of 18 U.S.C. § 2332b(a)(2) & (c) (Count Four). Defendant expressly and unequivocally admits that he committed the crimes charged in Counts One and Four of the Superseding Indictment, did so knowingly, and is in fact guilty of those offenses.

    2.    <u>Penalties</u>

    Defendant faces the following maximum penalties on each count of the Superseding Indictment: for violation of 18 U.S.C. § 2339B, incarceration for a period of 20 years, supervised release for life (pursuant to 18 U.S.C. § 3583(j)), a fine of $250,000, and a mandatory special assessment of $100; and for violation of § 2332b(a)(2), incarceration for life, supervised release for life, a fine of $250,000, and a mandatory assessment of $100. Additionally, the term of imprisonment imposed for violation of § 2332b (Count Four) cannot run concurrently with the

1

term of imprisonment imposed for violation of § 2339B (Count One). *See* 18 U.S.C. § 2332b(c)(2).

3. <u>Fed. R. Crim. P. 11(c)(1)(C) Plea</u>

This Plea Agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's guilty plea will be tendered pursuant to that provision. In accordance with Rule 11(c)(1)(C), if the District Court ("Court") accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this Plea Agreement, the U.S. Attorney may deem the Plea Agreement null and void. Defendant understands and acknowledges that he may not withdraw his plea of guilty unless the Court rejects this Plea Agreement under Fed. R. Crim. P. 11(c)(5).

4. <u>Sentencing Guidelines</u>

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines ("USSG" or "Guidelines"). The parties agree that Defendant's total adjusted offense level under the Guidelines is calculated as follows:

- in accordance with USSG § 2M5.3, Defendant's base offense level for Count One (conspiring to provide material support to ISIL in violation of § 2339B) is 26. This level would be increased by two levels because the material support or resources were provided "with the intent, knowledge, or reason to believe they are to be used to commit or assist in the commission of a violent act." U.S.S.G. §2M5.3(b)(1). Thus, the adjusted offense level for violation of §2339B under U.S.S.G. §2M5.3 is 28;

- in accordance with USSG § 2A1.5(a), Defendant's base offense level for Count Four (conspiring to commit acts of terrorism transcending national boundaries and specifically agreeing with others to kill and maim persons within the United States in violation of § 2332b) is 33;

- in accordance with U.S.S.G. § 3D1.2(b), the two offenses shall be grouped because they involve the same victim(s) and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan. Accordingly, the applicable offense level for grouped offenses would be 33, the higher offense level of the two counts.

- in accordance with USSG § 3A1.4, Defendant's offense level is increased to level 45 and his criminal history category shall be Category VI, because the offenses of conviction are felonies that involved or were intended to promote a federal crime of terrorism; and

- in accordance with USSG § 3E1.1, based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, the

adjusted offense level is reduced by three.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case.

The U.S. Attorney may, at her sole option, be released from her commitments under this Plea Agreement, including, but not limited to, her agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit Defendant's conduct in the offense(s) of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(d) Fails to provide truthful information about Defendant's financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(f) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Plea Agreement; or

(j) Attempts to withdraw Defendant's guilty plea.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. <u>Agreed Disposition</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

3

    (a)    incarceration for a period of at least 15 years but not more than 22 years, of which 10 years shall be imposed for violation of 18 U.S.C. § 2332b (Count Four) and run consecutively to the term of imprisonment imposed for violation of 18 U.S.C. § 2339B (Count One). The U.S. Attorney's present intention is to recommend that Rovinski receive a sentence of 22 years' incarceration;

    (b)    a fine at the low end of the Guidelines sentencing range as calculated by the Court at sentencing, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

    (c)    supervised release for life; and

    (d)    a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so).

Within the sentencing range agreed to by the parties, the sentence to be imposed upon Defendant is within the discretion of the Court, subject to the provisions of the advisory USSG and the factors set forth in 18 U.S.C. § 3553(a).

6.    <u>Waiver of Right to Appeal and to Bring Future Challenge</u>

    (a)    Defendant has conferred with his attorney and understands that he has the right to challenge his conviction in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that, in some circumstances, Defendant may be able to challenge his conviction in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255 or 28 U.S.C. § 2241. Defendant waives any right to challenge Defendant's conviction on direct appeal or in any future proceeding (collateral or otherwise).

    (b)    Defendant has conferred with his attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) in a future proceeding (collateral or otherwise). The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant waives any rights Defendant may have to challenge the agreed-upon sentence (including any agreement relating to supervised release, fines, forfeiture, and restitution) on direct appeal and in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 2241. Defendant also waives any right Defendant may have under 18 U.S.C. § 3582 to ask the

Court to modify the sentence, even if the USSG are later amended in a way that appears favorable to Defendant. Likewise, Defendant agrees not to seek to be resentenced with the benefit of any change to Defendant's Criminal History Category that existed at the time of Defendant's original sentencing. Defendant also agrees not to challenge the sentence in an appeal or future proceeding (collateral or otherwise) even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Plea Agreement, the parties intend that Defendant will receive the benefits of the Plea Agreement and that the sentence will be final.

(c) The U.S. Attorney agrees that she will not appeal the imposition by the Court of a sentence within the sentencing range agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by either party at sentencing.

(d) Regardless of the previous subparagraphs, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*; or (ii) the prosecutor in this case engaged in misconduct that entitles Defendant to relief from Defendant's conviction or sentence.

7. Civil Liability

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

8. Withdrawal of Plea By Defendant or Rejection of Plea by Court

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Plea Agreement, this Plea Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Plea Agreement.

9. Breach of Plea Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Plea Agreement in their entirety by notifying

Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against Defendant and/or have been, or are to be, dismissed pursuant to this Plea Agreement. Defendant recognizes that his breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any other agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

10. Who Is Bound By Plea Agreement

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

11. Complete Agreement

This Plea Agreement can be modified or supplemented only in a written document signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney B. Stephanie Siegmann.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: *[signature]*
James B. Farmer
Chief, National Security Unit

*[signature]*
B. Stephanie Siegmann
Assistant U.S. Attorney
National Security Unit

## ACKNOWLEDGMENT OF PLEA AGREEMENT

    I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter, and that I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Plea Agreement is in my best interest.

_____
Nicholas Rovinski
Defendant

Date: 9/13/16

    I certify that Nicholas Rovinski has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

_____
William Fick
Attorney for Defendant

Date: 9/13/16

7